United States District Court For The
District of Columbia

Romes Austin - Plaintiff, pro se

v.

Edward F. Reilly, et. al
     Defendant.

Civ. Action no. 080553 (RCL)
(ECF)

Motion To Grant Plaintiff's Relief or In The Alternative Grant Summary Judgment Pursuant To FRCP 7(a)-(h), 56

RECEIVED
AUG 11 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A. Plaintiff contend, as a practical matter, a dismissal for failure to state a claim which relief can be granted is likely to be unreasonable, or ordered "only in an unusual case in which plaintiff includes allegations that show on the face of the Complaint that there is some insuperable bar to relief. Bramlet v Wilson, 495 F.2d 714, 716 (8th Cir. 1974).

B. Plaintiff contends that judicial review constitutes that D.C. BOP (D.C. Board of Parole) regulation which use assumption of eligibility for parole and rehabilitation within its 28 D.C. Municiple Regulations - Old Law, rather than presumptive Sailient Factor Score used by the USPC (United States Parole Commission) guidelines where its most likely languishing, and continuous imprisonment would occure. Thereby being an Ex Post Facto Law (28 C.F.R) and Commission's Code of Federal Regulations, in which shows an issue of material fact as to which Defendant contends there is no genuine issue.

United States District Court For The
District of Columbia

Romes Austin - Plaintiff, pro se

v.

Edward F. Reilly, et al., Defendant.

Civ. Action no. 080553 (RCL)
(ECF)

Affidavit Of Material Issues And Fact

Come Plaintiff now and moes the Court, and respectfully request to grant his Cross Motion For Summary Judgment. Plaintiff avers against defendant's motion and responds to their summary judgment by submitting accompanying point in authorities.

Come Plaintiff, and move the Court to grant relief sought shoing of "Deliberate Indiffence" by a municipal employee, agency, and where plaintiff is ignorant of the cause of injury during its occurrance.

Plaintiff's complaint is sufficient to state a valid claim under a test that per se is a form of singling out and lengthening imprisonment, constituting an injury as a result of violating right under the Ex Post Facto clause of the 1st Amendmen to the U.S. Constitution

Respectfully Submitted,

Date 8/6/08

United States District Cour For The
District of Columbia

Romes Austin, Plaintiff - pro se

v.                                                      Civ. Action no. 08 0553 (RCL)
                                                                                    (ECF)
Edward F. Reilly, Jr., et. al.
         Defendants

Pursuant To Title 42 U.S.C. Sec. 1983
Points In Authority

1. Request to have relief granted is instituted by Plaintiff, to have the Court review the Defendan'ts DCBOP's parole reviews under the USPC guidelines when conducting parole hearing for D.C. Code Offenders, and whose sentences are under the old law regime. 28 Municiple Regulations.

2. Plaintiff contends that recovery should not be denied on the grounds in defendant's frivolous and Ex Post Facto Law Point In Authority answer to the complaint.

3. Plaintiff contend that the exhibits presented shows a prima facie issue of material fact to be litigated, and is shown to be good faith in plaintiff's merits.

Statute Creating Right Of Action For Being
Subjected To Ex Post Facto Law - U.S. Article 1

4. Plaintiff assert and contends that he has a constitutional guar-

anty under the First Amendment, and the due process clause of the Fourteenth Amendment to the Constitution of the United States to embrace one of the two concepts of freedom to believe to be beyond interference by legislation and be subject to regulation to prevent acts subversive of civil government or otherwise criminal.

5. Ex post facto law is one which imposes punishment for an act which was not punishable at time it was committed, or imposes additional punishment to that then prescribed. Smith v Cockrill, 73 U.S. 756 (1868), 6 Wall 756, 18 L.Ed. 973; Thereby ex post facto law which imposes additional punishment; or changes rules of evidence; or, in relation to offense or its consequences, alters situation of party. Duncan v Missouri, 152 U.S. 377, 38 L.Ed 485.

6. Plaintiff contends and says his complaint's merits along with exhibits should not be dismissed and his motions granted as a matter of law as, any statute which punishes, as crime, act previously committed which was innocent when done, which make more burdensome punishment for crime after its commission, or which deprives one charged with crime of any defense available according to law at time when committed, is prohibited as ex post facto. Beazell v Ohio, 269 U.S. 167, 70 L.Ed. 216 (1925).

7. 42 United States Code Section 1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects, or cause to be subjected tany citizen

of the United States to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution of the United States, and laws, is liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity;

8. Plaintiff's proposed question, and of 42 U.S.C. §1983 is to provide a civil action to protect persons against misuse of power possessed by virtue of state law, and made possible because the defendant in the case at bar is clothed with the authority of the State. Another purpose of the Civil Rights Act of 1871 is to override influence of the United States Justice Department, and its sympathizers, for example, on the governments and law enforcement agencies of the United States. See 66 L.Ed.2d 308 (1980).

9. 42 U.S.C. §1983 seeks to deter state actors from using the badge of their authority to deprive individuals, to deter public officials from violating citizens' federal rights, and to compensate the victims of such official wrongdoing. The statute was intended not only to provide compensation to the victim of past abuse, but to serve as a deterrent against future constitutional deprivations as well.

10. It should be reviewed by the Court, construction of under color of law concerning the deliberate indifference misuse of power that the United States Parole Commission

uses when reviewing D.C. Code Offenders for parole, and thereby is clothed with the authority of law of the United States.

11. Plaintiff contends, and demand trial by jury (pursuant to Federal Rules of Civil Procedure 38) of twelve, and humbly request the Court to award or grant the relief sought on the issue of deprivation of rights resulting use of Ex Post Facto Law by the United States Parole Commission, constituting an unfair hearing of parole in violation of the due process clause of the Fifth and Fourteenth amendments.

12. Defendants abused their discretion, and are not removed from the purview of §1983 simply because they are professionals acting in accordance with professional discretion, and judgment, therefore causing injury within being deliberat indifferent.

13. As point in authority, Articles 1, 5, and 14 useage shows the unfairness by subjecting plaintiff to the Ex post Facto Law in new Federal Parole Guidelines, creating disparate treatment in parole eligibility reviews, thereby depriving plaintiff of a proper hearing absent due process.

14. Plaintiff contend, officers in government departments, and their determinations or decisions are by their nature, judicial wherefore if the court's bases for general denial of plaintiff's summary judgment motion, would be insufficient to permit plaintiff

to further introduce proof to show defendant's willfull-malice where continuing plaintiff's imprisonment with the misuse of the Federal Parole Guidelines and resulting decision made was unnecessary and unreasonable, constituting a form of "selective suffering".

15. Upon consideration on plaintiff's motion, and answer ~~hereto defendant~~ response to the complaint, request that the Court enter judgment in favor for the plaintiff, as a matter of law, and grant relief he seek in the complaint or grant plaintiff relief the Court deems just and proper.

### Point In Authority

16. Plaintiff relies on the reasoning in Cosgrove v Thornburgh, et al., 703 F.Supp. 995 (D.D.C. 1988) in challenging defendants dismissal of this case at bar in the use of federal suitability guidelines in parole determinations. The Court in Cosgrove held by Honorable: Norma Holloway Johnson, that United States Parole Commission was required to apply District of Columbia parole regulations and guidelines, rather than federal suitability guidelines, in making parole determinations for male D.C. Code offenders housed in federal prisons. D.C. Code 1981, §24-209.

17. Plaintiff's cause of action should be granted on the grounds, eventhough the federal and local parole criteria are substantially similar, there is a difference in parole suitability determinations under the federal and District of Columbia guidelines;

Whether the U.S. Common has legitimat· interest in applying federal parole standards to D.C. Code offeners; and the factual predicates underlying the constitutional claim.

18. The D.C. Code mandates that the U.S. Commission apply District of Columbia regulations. Plaintiff contend he is being denied equal protection of the law in that male D.C. Offender benefit from parole review when housed in the D.C. Department of Corrections by the D.C. Board. Plaintiff's in a position that the plain language of the statute requires adherence to the D.C. guidelines as well as its laws.

i. "Since the jurisdiction of the Parole Board created by the act of Congress referred to is limited to prisoners confined in the penal institutions of the District of Columbia, there is no provision of law for the parole of prisoners convicted in the District of Columbia and confined in the penal institutions of the United States. As Congress unquestionably intended that prisoners convicted in the District of Columbia should be entitled to parole, their confinement in a federal penal institution, where they are deprived of the benefits of parole, would therefore, be illegal."

19. Thus the Court is asked to focus on the difference in power and effect between statutes and guidelines or regulations. If guidelines can be considered sufficiently law-like in nature, then the D.C. guidelines must be utilized by the U.S. Commission. See Walker v Luther, 830 F.2d 1208.

20. Defendant's narrow interpretation of this case's issues

does reveal that they are being evasive, claiming that plaintiff was subject exclusively to the law and powers of the Federal Guidelines by vertue of the Self Government Revitalization Act, instead of the law and powers of the District of Columbia. The federal parole board's guidelines become inopposite, just as defendant's arguement therefore repatitious when conducting reviews and determining parole denials based on the same information over, and over, and over again.

21. While expressing the Court's views in Cosgrove, the court reasoned that §24-209 did not grant plenary authority to the U.S. Parole Commission over D.C. offenders in federal prisons, and is not contrary to the plaintiffs' position in the present case. The Revitalization act exclusively restricted the application of D.C. law to federally housed D.C. offenders in parole situations.

22. As the matter presently before the Court involves a question of parole, the reasoning in Cosgrove does not contradict the position of the plaintiff.

i. " Just as the penalty for the offense would be determined by the jurisdiction whose law was violated, whether the District of Columbia or General Federal, so would the terms and conditions of parole be governed by the law of that jurisdiction... Thus, the... Federal Parole Board [may be required] to apply D.C. Code provisions to prisoners in penal institutions other than

in the District of Columbia who had been convicted of violations of District [of Columbia] laws...”

23. Moreover, this Circuit has held that parole guidelines have the force of law and thus are part of the "power and authority" vested in the D.C. Municipal Regulations and granted to the U.S. Parole Commission pursuant to §24-209. Accordingly, the must be applied to D.C. Code Offenders incarcerated in federal institutions.

## CONCLUSION

WHEREFORE all of the reasons discussed above, the Court is requested to grant plaintiff's cross motion for summary judgment and accompanying point in authority.

Respectfully submitted,

Date 8/6/08